IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN MOFFIT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 23-2408-KHV |
| ) | |
| VALUEHEALTH, LLC and DON BISBEE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

On September 13, 2023, John Moffit filed suit against ValueHealth, LLC and Don Bisbee, alleging (1) breach of contract against ValueHealth, (2) breach of the Kansas Wage Payment Act, K.S.A. § 44-312 et seq. against both defendants and (3) breach of the Pennsylvania Wage Payment and Collection Act, 43 Pa. C.S.A. § 260.1 et seq. against both defendants. On December 1, 2023, plaintiff submitted requests for admissions to ValueHealth and Bisbee. Defendants never submitted responses. This matter comes before the Court on Defendants ValueHealth, LLC And Don Bisbee's Motion For Leave To File Responses To Plaintiff's Request For Admissions (Doc. #73) filed October 28, 2024, which the Court construes as a motion to extend by 11 months defendants' time to respond under Federal Rule of Civil Procedure 6(b)(1)(B). See Espy v. Mformation Techs., No. 08-2211-EFM, 2009 WL 2912506, at *9 (D. Kan. Sept. 9, 2009) (applying Rule 6(b)(1)(B) to determine whether to extend time for defendant to respond to plaintiff's requests for admissions when defendant failed to file responses by deadline). For reasons stated below, the Court overrules defendants' motion.

## Legal Standard

Under Federal Rule of Civil Procedure 36(a), a request for admission is "admitted unless,

within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Federal Rule of Civil Procedure 6(b) states that the Court may extend time on a motion made after the time has expired and allow an untimely filing if the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b). To find excusable neglect, the Court considers four factors: "(1) the danger of prejudice to the [non-moving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Perez v. El Tequila, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017). The third factor is the most important, and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." Id.

**Factual Background**

Highly summarized, plaintiff's complaint alleges:

ValueHealth operates surgery centers that serve as alternatives to traditional hospitals. From January of 2021 to November of 2023, Don Bisbee was the chief executive officer of ValueHealth. In January of 2022, ValueHealth hired John Moffit as Regional President.

Moffit and ValueHealth entered into an employment agreement, which provided that if ValueHealth terminated Moffit's employment without cause, it must pay him 12 months' severance pay. Among other circumstances, if Moffit materially violated the agreement or failed to perform his duties under the agreement, ValueHealth would have cause to terminate Moffit's employment.

On October 27, 2022, Bisbee informed Moffit that ValueHealth was terminating his

employment for cause. ValueHealth did not pay Moffit severance.

On September 13, 2023, Moffit filed suit alleging (1) breach of contract against ValueHealth, (2) breach of the Kansas Wage Payment Act against both defendants and (3) breach of the Pennsylvania Wage Payment and Collection Law against both defendants. On December 1, 2023, Moffit submitted requests for admissions to ValueHealth and Bisbee. Defendants never submitted responses, and all matters in the requests for admissions were deemed admitted under Rule 36(a)(3). In August of 2024, Moffit included in his proposed pretrial order a stipulated fact that defendants never answered plaintiff's requests for admissions. Defendants struck the language but did not respond, and Magistrate Judge Teresa J. James did not make relevant findings in the final pretrial order.

Defendants now seek to respond out of time to plaintiff's requests for admissions. Specifically, defendants seek to deny two matters which are deemed admitted by their failure to timely respond: (1) that plaintiff did not fail to perform his duties and responsibilities under the employment agreement and (2) that plaintiff did not materially violate the employment agreement.

## Analysis

Defendants had until December 30, 2023, to timely respond to plaintiff's requests for admissions. Now, 11 months later, they ask the Court to grant them leave to respond out of time. Defendants claim that their failure to respond was due to an administrative error of which they were not aware until recently. Plaintiff responds that defendants have had ample opportunity to serve responses and still have not done so, and that plaintiff would be prejudiced by their late responses.

As noted above, the Court may allow a party to make an untimely filing under Rule 6 if the party failed to act because of excusable neglect, which is determined by four factors. Here, the

first factor—the danger of prejudice to the non-moving party—weighs against permitting defendants to untimely respond: plaintiff has conducted discovery, filed his motion for summary judgment and prepared for trial based on defendants' admissions.  See Raiser v. Utah Cnty., 409 F.3d 1243, 1246 (10th Cir. 2005) (prejudice contemplated by Rule 36(b) relates to difficulty a party may face in proving its case because of sudden need to obtain evidence with respect to questions previously deemed admitted); see also Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991) (under Rule 36, "party's reliance on admissions in preparing for trial may constitute prejudice, and allowing the withdrawal of admissions on the eve of trial could unfairly disrupt trial preparations").

The second factor—the length of delay and its potential impact on judicial proceedings— also weighs against permitting defendants to untimely respond.  Defendants are 11 months late in seeking leave to respond, discovery has concluded and trial is set to begin in less than two months.

The third (and most important) factor—the reason for the delay and whether it was within the reasonable control of the movant—similarly weighs against permitting defendants to file responses out of time.  Defendants have stated that their delay was due to an unspecified administrative error, and they have provided no further explanation or details.  Defendants do not claim that the delay was outside their control.  Further, when the parties were drafting the pretrial order in August of 2024, Moffit included a stipulated fact that defendants had not responded to his requests for admission.  This put defendants on notice that they had not submitted responses and that plaintiff could and probably would use their admissions at trial.

Finally, the fourth factor—whether the movant acted in good faith—also weighs against permitting defendants to file responses out of time.  Even after plaintiff brought to defendants' attention the fact that plaintiff's requests for admissions remained unanswered, defendants waited

two additional months to file their motion—until after plaintiff had filed his motion for summary judgment. This delay is unexplained and inexplicable.

Rule 36 intends that an admission have a conclusively binding effect, for purposes of the pending action, unless it is withdrawn or amended. Unless the party serving an admission can depend on its binding effect, he cannot safely avoid the expenses of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated. Here, plaintiff brought this matter to defendants' attention on August 14, 2024, when he noted in his draft of the pretrial order that defendants had not answered his requests for admissions and that he intended to use the unanswered requests for admissions as evidence at trial. Defendants struck the language from the draft but still filed no responses. Having received no responses, in reliance on defendants' admissions, plaintiff filed a motion for summary judgment on October 7, 2024. In drafting his motion for summary judgment, plaintiff exercised justified reliance on the admissions. Defendants have not shown that their failure to timely respond resulted from excusable neglect. Indeed, they do not even advance a plausible theory of entitlement to relief under Rule 6(b)(1)(B). Moreover, even though plaintiff alerted defendants as to their delinquency in August of 2024, defendants still took no action to respond.

In short, defendants have not shown that their failure to timely respond resulted from excusable neglect. Their inaction induced plaintiff to justifiably rely on matters deemed admitted under Rule 36(a). While the Court generally recognizes the importance of resolving disputes on the merits, to grant relief to defendants in these circumstances would defeat the purpose of Rule 36, require re-briefing of plaintiff's motion for summary judgment and delay the trial, which is set for January 6, 2025.

Assuming that defendants had made actual admissions instead of defaulting, the Court

could construe defendants' motion as a motion to withdraw admissions made pursuant to Rule 36(a) and apply the test for permitting withdrawal of an admission set forth in Rule 36(b). W. Inv., Inc. v. Cont'l W. Ins. Co., No. 22-1083-JAR, 2022 WL 4447427, at *3 (D. Kan. Sept. 23, 2022) ("Judges in this District have applied Rule 36(b) to determine whether a party who failed to timely respond to requests for admission may be granted leave to withdraw the admission to substantively respond out of time").

Under Rule 36(b), the Court may permit withdrawal of an admission if it (1) would promote the presentation of the merits of the action and (2) would not prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b). As to the first factor, allowing defendants to withdraw two admissions will promote the presentation of the case on the merits. Even so, for the reasons stated above, allowing defendants to withdraw their admissions would prejudice plaintiff. Plaintiff has conducted discovery, filed his motion for summary judgment and prepared for trial under the assumption that defendants admitted that plaintiff did not fail to perform his duties and responsibilities under the employment agreement, and that as a result, ValueHealth lacked cause to terminate and breached the employment agreement by failing to pay plaintiff severance pay. Discovery has concluded, and plaintiff has operated under this assumption for nearly a year. If defendants were now allowed to withdraw these admissions, plaintiff would be prejudiced.

Defendants argue that even if the Court will not allow withdrawal or leave to respond out of time, their admission that plaintiff did not materially violate the employment agreement is not binding because it is a legal conclusion that is inappropriate for admission. Rule 36 allows a party to serve requests for admissions relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). A party cannot, however, demand that the other party admit

the truth of a legal conclusion.  W. Inv., Inc. v. Cont'l W. Ins. Co., No. 22-1083-JAR, 2022 WL 4447427, at *5 (D. Kan. Sept. 23, 2022).  For example, a party cannot request a pure opinion of law such as whether plaintiff failed to state a claim upon which relief can be granted.  United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009).  In contrast, requests for admission that seek the application of law to the facts of the case are proper.  Audiotext Commc'ns Network, Inc. v. US Telecom, Inc., No. 94-2395-GTV, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995).  Here, the request to admit that plaintiff did not materially violate the agreement is appropriate under Rule 36(a)(1)(A) because it is seeking an application of law to the facts of the case.

**IT IS THEREFORE ORDERED** that Defendants ValueHealth, LLC And Don Bisbee's Motion For Leave To File Responses To Plaintiff's Request For Admissions (Doc. #73) filed October 28, 2024 is **OVERRULED**.

Dated this 2nd day of December, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge