IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN MOFFIT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 23-2408-KHV |
| ) | |
| VALUEHEALTH, LLC, and DON BISBEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On December 2, 2024, the Court overruled Defendants ValueHealth, LLC And Don Bisbee's Motion For Leave To File Responses To Plaintiff's Request For Admissions (Doc. #73) filed October 28, 2024. This matter is before the Court on Defendants' ValueHealth, LLC And Don Bisbee's Motion For Reconsideration Of The Court's Order (Doc. 88) On Their Motion For Leave To File Responses To Plaintiff's Request For Admissions (Doc. #89) filed December 4, 2024. For reasons set forth below, the Court overrules defendants' motion.

### Legal Standard

District of Kansas Local Rule 7.3 governs motions to reconsider non-dispositive motions. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.[1] D. Kan. Rule 7.3. A motion to reconsider is not a second

---

[1] The standard for reconsideration is the same under Rule 59(e), Fed. R. Civ. P. Under Rule 59(e), the Court has discretion to alter or amend a judgment if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

chance for the losing party to make its strongest case or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994). As movants, defendants bear the burden to show adequate reason to reconsider the prior order. Rand v. Wolf Creek Nuclear Operating Corp., No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012). Whether to grant a motion to reconsider lies in the discretion of the Court. Taylor v. Colo. Dep't of Health Care Pol'y & Fin., 811 F.3d 1230, 1236 (10th Cir. 2016).

## Factual And Procedural Background

Highly summarized, in January of 2022, Moffit and ValueHealth entered into an employment agreement which provided that if ValueHealth terminated Moffit's employment without cause, it owed him 12 months' severance pay. Among other circumstances, if Moffit materially violated the agreement or failed to perform his duties under the agreement, ValueHealth would have cause to terminate Moffit's employment. On October 27, 2022, Bisbee informed Moffit that ValueHealth was terminating his employment for cause, and therefore without severance pay.

On September 13, 2023, Moffit filed suit, alleging (1) breach of contract against ValueHealth, (2) breach of the Kansas Wage Payment Act, K.S.A. § 44-312 et seq., against both defendants and (3) breach of the Pennsylvania Wage Payment and Collection Act, 43 Pa. C.S.A. § 260.1 et seq., against both defendants. On December 1, 2023, Moffit submitted requests for admissions to ValueHealth and Bisbee. Defendants never submitted responses, and all matters in the requests for admissions were therefore deemed admitted under Rule 36(a)(3), Fed. R. Civ. P.

On October 28, 2024, defendants filed a motion for leave to file a response to plaintiff's requests. See Motion For Leave (Doc. #73). On December 2, 2024, the Court overruled

defendants' motion.  See Memorandum And Order (Doc. #88).  On December 4, 2024, defendants filed a motion for reconsideration.  See Motion For Reconsideration (Doc. #89).

## **Analysis**

Defendants argue that the Court committed clear error in its analysis under Rule 6, Fed. R. Civ. P.  Specifically, defendants assert that (1) during the period which lead counsel should have responded, he was handling an out-of-state family medical emergency;[2] (2) plaintiff would not suffer prejudice if the Court allowed defendants to respond; and (3) allowing defendants to respond would have a "less than negligible" impact on the proceedings.

"Clear error" exists when the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable."  Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001).  In the context of reconsideration, the Tenth Circuit has not defined "manifest injustice," but this Court has described the term to mean direct, obvious and observable error.  Hadley v. Hays Med. Ctr., No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017).  Where parties seek reconsideration to prevent manifest injustice, they can prevail only if they demonstrate injustice that is "indisputable."  Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Defendants have not shown that the Court committed clear error or manifest injustice when it denied their motion to respond out of time to plaintiff's requests for admissions.  The Court is sympathetic to the family medical emergency of defendants' lead counsel, but he apparently had delegated the responsibility for discovery responses to Elizabeth Kaiser, a junior lawyer in his law

---

[2]   In their original motion, defendants did not mention an out-of-state family medical emergency; they attributed their failure to respond to unspecified "administrative error."

firm.  She served responses to plaintiff's requests for production and interrogatories, but for some undisclosed reason did not serve responses to plaintiff's requests for admissions.  Defendants do not argue that her neglect was excusable or attributable to a circumstance beyond her control.  In fact, the record on that issue is deafeningly silent.  Moreover, defendants advance no satisfactory explanation for failing to address the issue for many months after plaintiff's counsel drew it to their attention.

Defendants again argue that withdrawing their deemed admissions would not prejudice plaintiff.  This Court, however, has already articulated why plaintiff would be prejudiced, and defendants cannot use a motion for reconsideration as an avenue to rehash the same arguments that the Court has already reviewed and addressed.

Defendants have not demonstrated any clear error or manifest injustice which warrants reconsideration.

**IT IS THEREFORE ORDERED** that <u>Defendants' ValueHealth, LLC And Don Bisbee's Motion For Reconsideration Of The Court's Order (Doc. 88) On Their Motion For Leave To File Responses To Plaintiff's Request For Admissions</u> (Doc. #89) filed December 4, 2024 is **OVERRULED**.

Dated this 20th day of December, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
