IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JOHN MOFFIT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 23-2408-KHV |
| ) | |
| VALUEHEALTH, LLC and DON BISBEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Combined Memorandum Regarding Statutory Penalty And Judgment Amount And Request For Pre-Judgment Interest (Doc. #153) filed January 17, 2025, Defendant ValueHealth, LLC's Suggestions In Opposition To Plaintiff's Memorandum Regarding Statutory Penalty And Judgment [Doc. 153] (Doc. #154) and Defendant Don Bisbee's Response To Plaintiff's Memorandum Regarding Statutory Penalty And Judgment Amount [Doc. 153] (Doc. #155) both filed January 24, 2025 and Plaintiff's Reply Memorandum In Support Of Memorandum Regarding Statutory Penalty And Judgment (Doc. #156) filed January 31, 2025. For reasons stated below, the Court awards plaintiff severance pay of $250,000 plus prejudgment interest and a statutory penalty of $250,000 and finds that each defendant is jointly and severally liable for all amounts due under the judgment.

## Analysis

The Court previously determined on summary judgment that under the Kansas Wage Payment Act, K.S.A. § 44-312 et seq. ("KWPA"), plaintiff is entitled to $250,000 in severance pay from ValueHealth, LLC. Memorandum And Order (Doc. #132) filed December 30, 2024 at 13. At trial of the remaining issues, the jury found that in failing to pay that severance pay,

ValueHealth willfully violated the KWPA and Don Bisbee knowingly allowed it to do so.  Plaintiff is therefore entitled to a statutory penalty against ValueHealth, and Mr. Bisbee is jointly liable with ValueHealth.  See K.S.A. § 44-315(b); K.S.A. § 44-323(b).  The only remaining issues are (1) the amount of statutory penalty and (2) whether plaintiff is entitled to prejudgment interest.

**I.      Amount Of Statutory Penalty**

As noted, the jury found that ValueHealth willfully violated the KWPA and Mr. Bisbee knowingly allowed it to do so.  In such circumstances, the KWPA requires that in addition to requiring payments of unpaid wages, the Court impose a statutory penalty as follows:

> If an employer willfully fails to pay an employee wages as required by K.S.A. 44-314, . . . such employer shall be liable to the employee for the wages due and also shall be liable to the employee for a penalty in the fixed amount of 1% of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the eighth day after the day upon which payment is required or in an amount equal to 100% of the unpaid wages, whichever is less.

K.S.A. § 44-315(b).  The KWPA also states that "[a]ny officer, manager, major shareholder or other person who has charge of the affairs of an employer, and who knowingly permits the employer to engage in violations of K.S.A. 44-314 or 44-315, and amendments thereto, may be deemed the employer for purposes of this act."  K.S.A. § 44-323(b).

Under the parties' employment contract, ValueHealth owed plaintiff 12 months of his annual salary in severance pay, paid according to regular payroll practices, i.e. monthly installments over 12 months.  Plaintiff argues that the penalty accrues on the ninth day after each check was due, which was approximately November 28, 2022.  According to plaintiff, the total penalty is over one million dollars but by statute, it is capped at 100 per cent of unpaid wages. Plaintiff therefore argues that the Court should award a statutory penalty of $250,000.

Defendants argue that the penalty period did not begin until one of the following dates:

(1) January 7, 2025—eight days after the Court found as a matter of law that ValueHealth did not have cause to terminate plaintiff's employment and thus owed him severance pay; (2) January 17, 2025—eight days after the jury verdict; or (3) eight days after judgment is entered. Defendants argue that prior to January of 2025, their liability for severance pay had not been established and they owed no payments to plaintiff. Defendants' argument has superficial appeal, because it seeks to protect employers who act in good faith or based on mistaken information. Such sympathies would be misplaced in this case, however, because by its terms, the KWPA only assesses penalties for "willful" and "knowing" violations—issues which the jury has resolved against defendants.

Defendants do not cite authority for their argument that the statutory penalty does not accrue until liability is determined as a matter of law. Under the employment agreement, the first severance payment was due one month after the termination of plaintiff's employment, and under the plain language of the KWPA, the penalty accrued nine days later. Beckman v. Kansas Dep't of Hum. Res., 30 Kan. App. 2d 606, 615, 43 P.3d 891, 898 (2002) (court can assess penalty eight days after wages are due). The penalty period therefore began in December of 2022. Because 100 per cent of the unpaid severance is less than the cumulative daily penalty, the Court awards plaintiff a statutory penalty of $250,000.

## II.   Prejudgment Interest

Plaintiff argues that the Court should award him prejudgment interest at the rate of ten per cent on the severance pay and statutory penalty beginning on October 28, 2023, when the last severance check was due, and the statutory penalty had accumulated over the capped amount of $250,000.[1]

---

[1] This argument is conservative because plaintiff might seek prejudgment interest on
(continued...)

ValueHealth argues that the Court does not have authority to award prejudgment interest on the statutory penalty, so the maximum amount of interest the Court can award is ten per cent interest on unpaid severance pay. Both defendants argue that the Court should not award prejudgment interest on the unpaid severance in addition to the statutory penalty because it would constitute a double penalty and windfall to plaintiff.

Under Kansas law, whether to award prejudgment interest is a matter of judicial discretion. Koch v. Koch Indus., Inc., 996 F. Supp. 1273, 1280 (D. Kan. 1998). The KWPA states that "at the discretion of the presiding officer, interest, as provided under K.S.A. 16-201, and amendments thereto, may be assessed on wage claims found to be due and owing from the date the wages were due." K.S.A. § 44-323. Until 1983, the KWPA did not authorize an award of interest in addition to the statutory penalty. Beckman v. Kansas Dep't of Hum. Res., 30 Kan. App. 2d 606, 616, 43 P.3d 891, 898 (2002). After the amendment in 1983, however, courts have discretion to award interest on unpaid wages, and the KWPA does not preclude awarding both interest and a penalty. Id.

The statutory penalty is punitive in nature. Holder v. Kansas Steel Built, Inc., 224 Kan. 406, 414, 582 P.2d 244, 251 (1978). The purpose of prejudgment interest, on the other hand, is to ensure that plaintiff is fully compensated for his loss. City of Milwaukee v. Cement Div., Nat. Gypsum Co., 515 U.S. 189, 195 (1995). Under K.S.A. § 16–201, the annual prejudgment interest rate is ten per cent. K.S.A § 16–201.

---

[1] (. . .continued)
each monthly installment which went into default. Also, plaintiff's claim for severance pay was arguably liquidated as soon as ValueHealth terminated plaintiff's employment without cause because the employment agreement dictated both the amount and payment schedule of severance pay. The Court, however, will use plaintiff's proposed date.

Under Kansas law, prejudgment interest is generally allowable on liquidated claims. Owen Lumber Co. v. Chartrand, 283 Kan. 911, 925, 157 P.3d 1109, 1118 (2007). Claims become liquidated when both the amount due and the date on which such amount is due are fixed and certain or are ascertainable by mathematical calculation. Id. at 925, 157 P.3d at 1119. A good faith controversy whether defendants are liable for the money does not preclude the Court from awarding prejudgment interest. Blair Const., Inc. v. McBeth, 273 Kan. 679, 689, 44 P.3d 1244, 1251 (2002). In other words, when the parties only dispute whether defendants are liable—not the amount of damages—the claim is liquidated. West v. Gen. Sports Venue, L.L.C., No. 10-CV-2377-JAR, 2012 WL 3758641, at *4 (D. Kan. Aug. 29, 2012). Additionally, the Court has discretion to award prejudgment interest on unliquidated claims in limited circumstances, such as if "defendant has had use of the money, the plaintiff has been deprived of the use of the money, and the order is necessary to award full compensation." Fid. & Deposit Co. of Maryland v. Hartford Cas. Ins. Co., 216 F. Supp. 2d 1240, 1245 (D. Kan. 2002). When exercising this discretion, the Court should consider fairness and traditional equitable principles to arrive at full and fair compensation for plaintiff. West v. Gen. Sports Venue, L.L.C., No. 10-CV-2377-JAR, 2013 WL 441061, at *7 (D. Kan. Feb. 5, 2013).

To account for the time value of money and fully compensate plaintiff for his loss, the Court awards prejudgment interest on unpaid severance pay—$250,000 which was due in 12 monthly payments ending in October of 2023. Because the employment agreement dictated the amount of severance and payment schedule, plaintiff's claim for severance pay was liquidated in October of 2023 at the latest. The fact that defendants denied that ValueHealth owed severance pay does not preclude the claim from being liquidated or the Court from awarding prejudgment interest on the unpaid severance pay. Accordingly, plaintiff is entitled to prejudgment interest on

$250,000 at an annual rate of ten per cent beginning October 28, 2023.

The Court declines to award plaintiff prejudgment interest on the statutory penalty of $250,000 for four reasons.  First, plaintiff's statutory penalty claim was not liquidated until both the amount due and the date on which such amount was due was fixed and certain or ascertainable by mathematical calculation.  Owen Lumber Co. v. Chartrand, 283 Kan. 911, 925–26, 157 P.3d 1109, 1118 (2007).

Second, prejudgment interest on the statutory penalty is not necessary to fully compensate plaintiff.  Plaintiff was entitled to receive severance pay of $250,000 more than a year ago, so prejudgment interest on that amount is necessary to account for the time value of money and fully compensate plaintiff.  Prejudgment interest on the statutory penalty, on the other hand, is not necessary to make plaintiff whole—the purpose of the statutory penalty is to punish defendants, not to compensate plaintiff.  Holder v. Kansas Steel Built, Inc., 224 Kan. 406, 414, 582 P.2d 244, 251 (1978).

Third, the KWPA does not explicitly authorize prejudgment interest on the statutory penalty.  While the KWPA authorizes the Court to award prejudgment interest on "wage claims," it is silent regarding interest on a statutory penalty.  K.S.A. § 44-323.  In fact, the Court has not found a single case in which a court awarded prejudgment interest on a statutory penalty under the KWPA.

Fourth, in addition to these facts, the Court acknowledges the unique background of this litigation in establishing liability for unpaid severance, let alone the statutory penalty.  Considering fairness and traditional equitable principles, the Court declines to award plaintiff prejudgment interest on the statutory penalty.  See West, 2013 WL 441061, at *7.

**IT IS THEREFORE ORDERED that the Clerk is directed to enter judgment in favor**

**of plaintiff on plaintiff's claim for breach of contract and plaintiff's claim for violation of the Kansas Wage Payment Act. ValueHealth, LLC and Don Bisbee are each jointly and severally liable for plaintiff's damages of $500,000 plus ten per cent prejudgment interest on $250,000 beginning in October of 2023.**

Dated this 4th day of March, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
